UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| WILLIAM L. ARMSTRONG, | ) | CASE NO. 1:07 CV 3662 |
| Plaintiff, | ) | |
| | ) | JUDGE KATHLEEN M. O'MALLEY |
| v. | ) | |
| ROBERT FOWLER, et al., | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

On November 27, 2007, pro se plaintiff William L. Armstrong filed this action under 42 U.S.C. § 1983 against Thompson Township Chief of Police Robert Fowler, Thompson Township Police Officers described as "John Doe or Does," Geauga County Sheriff Daniel McClelland, Geauga County Sheriff's Deputies described as "Jason Doe or Does," the Trumbull-Ashtabula-Geauga Unit ("TAG Unit"), and TAG Unit Officers described as "James Doe or Does." In the complaint, plaintiff asserts he was unfairly arrested and detained on charges which were eventually dismissed before trial. He seeks monetary damages. Mr. Armstrong also filed an Application to Proceed In Forma Pauperis. That Application is granted.

**Background**

Mr. Armstrong is the owner of approximately thirteen acres on Rock Creek Road in Thompson Township, Ohio. He indicates that the property contains his home, and several out buildings from which he conducts his business as a commercial welder. He claims that in early

October 2005, he summoned police to his house to report damage to his property. An officer allegedly came out and visually inspected the premises. Mr. Armstrong indicates that a large quantity of tools, copper wire, stainless steel, aluminum tubing and fasteners had been stolen. He alleges that during the inspection, he noticed Pyrex glass, empty Coleman fuel containers, plastic containers, and plastic tubing strewn about his premises. He claims the officer declined to take a report at that time, but indicated he would return the following day.

The officer did return to the residence on October 5, 2005; however, he was accompanied by the TAG Unit and Geauga County Sheriff's Deputies.[1] Mr. Armstrong claims the law enforcement officers exited their vehicles with guns drawn and ordered him to get down on the ground. He indicates a search warrant was placed in front of him, but states he was never informed by the officers of the particular items for which they were searching. Although he contends that with the exception of a "DUI," he had never been in trouble with the law, Mr. Armstrong was handcuffed with his arms behind his back. Mr. Armstrong asserts that he was not read his Miranda rights. He contends that officers did not find any evidence of a crime during their search. He was nevertheless arrested and charged with illegal assembly, possession, and/or manufacture of drugs.

Mr. Armstrong appeared in Chardon Municipal Court on October 5, 2005 and bond was set $ 25,000. After a preliminary hearing, the case was bound over to the Geauga County Court of Common Pleas on October 18, 2005. Mr. Armstrong was able to post bond on October 26, 2005 to obtain his release. When he returned to his property, he claims he found it unsecured with items missing from the unlocked residence and out buildings. An indictment was filed on November 11,

---

[1] Mr. Armstrong states that he was arrested on October 8, 2005. The Chardon Municipal Court docket pertaining to the case number provided by Mr. Armstrong indicates he was arraigned on October 5, 2005.

2005. The charges against him eventually were dismissed by motion of the prosecutor on June 2, 2006.

In his Complaint, Mr. Armstrong asserts five causes of action. In Count I, he asserts a claim for wrongful arrest and false imprisonment. Count II contains a claim for malicious prosecution. The remaining three Counts contain claims for the state law torts of conversion, negligence and gross negligence. Mr. Armstrong seeks $ 5,100,000.00 in damages.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

Only the first two Counts of Mr. Armstrong's Complaint contain causes of action which arise under federal law. Both of them, however, fail to state a claim upon which relief may be granted against these defendants.

Mr. Armstrong's claims of wrongful arrest and wrongful imprisonment are brought

---

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

after the expiration of the statute of limitations period.  Ohio's two year statute of limitations for bodily injury applies to §1983 claims.  LRL Properties v. Portage Metro Housing Authority, 55 F. 3d 1097 (6th Cir. 1995).  The limitations period for an arrestees's §1983 unlawful arrest claim against city police officers begins to run at the time he first appeared before an examining judge or magistrate and was bound over for trial or released.  Wallace v. Kato, 127 S. Ct. 1091, 1096 (2007).  As of that point, the arrestee's detention without legal process concludes and detention pursuant to legal process begins.  Id.  It does not matter that the arrestee may also suffer consequential damages from his continued detention after the initial appearance.  Id.  Mr. Armstrong first appeared before a Judge for arraignment on October 5, 2005.  His case was bound over to the Geauga County Court of Common Pleas on October 18, 2005 following a preliminary hearing.  Mr. Armstrong filed the within action on November 27, 2007, beyond the expiration of the two-year statute of limitations period.  There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred.  See Fraley v. Ohio Gallia County, No. 97-3564, 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998)(affirming sua sponte dismissal of pro se §1983 action filed after two year statute of limitations for bringing such an action had expired).

In addition, both the wrongful arrest claim in Count I and the malicious prosecution claim in Count II are asserted against defendants who are not liable to the plaintiff under the legal theory he set forth in his pleading.  Mr. Armstrong asserts that Police Chief Robert Fowler, Sheriff Daniel McClelland, and the TAG Unit are "vicariously liable for the acts perpetrated . . . by virtue of the Doctrine of Respondeat Superior."  (Compl. at 3.)  It is well established that §1983 will not support a claim based upon a theory of respondeat superior alone.  Polk County v. Dodson, 454 U.S. 312, 325 (1981).  Supervisory officials may be deemed liable for the unconstitutional actions of

4

subordinates only when those actions are the result of official policies or customs. Monell v. Dept. of Social Services, 436 U.S. 658 (1978). Monell extends to patterns of misconduct in which the supervisor acquiesced, or in some way actively participated. See Hays v. Jefferson County, Ky., 668 F.2d 869 (6th Cir. 1982); see also, Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Moreover, "supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir.1999) (citing Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (1989)). Liability must lie therefore upon more than a mere right to control employees and cannot rely on simple negligence. Bass, 167 F.3d at 1048. There is no suggestion in the complaint that Mr. Fowler, Mr. McClelland, or the TAG Unit actively engaged in the conduct described.

As for the John, Jason, and James Doe defendants, there are no allegations in the complaint which reasonably suggest that any of them could be individually liable to the plaintiff for malicious prosecution. "Ohio has set forth the elements of a malicious prosecution claim as follows: (1) malice in instituting (or continuing) the prosecution, (2) lack of probable cause, and (3) termination of the action in favor of the defendant." Swiecicki v. Delgado, 463 F .3d 489, 503 (6th Cir.2006) (citing Trussell v. Gen. Motors Corp., 559 N.E.2d 732, 735 (Ohio 1990)). The sum and substance of a suit for malicious prosecution is that there must be malice either in institution or in continuing the prosecution. "Malice" is further defined as "an improper purpose, or any purpose other than the legitimate interest of bringing an offender to justice." Harris v. Bornhorst, No. 06-3729, 2008 WL 114853 L 114853, at *14 -15 slip op. (6th Cir. Jan. 14, 2008). There is no allegation which indicates that any of these unnamed defendants was motivated by an improper purpose to arrest Mr. Armstrong.

5

The remaining causes of action for conversion, negligence and gross negligence arise, if at all, under state law. They are all based on Mr. Armstrong's allegation that they law enforcement officers failed to properly secure his property after his arrest. He contends that he noticed items missing upon his return. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966). The court, however, may exercise discretion in hearing state law matters. Id. at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. Id. Having dismissed plaintiff's federal law claims, this court declines jurisdiction to hear plaintiff's state law claims contained in Counts III, IV, and V of his complaint.

### Conclusion

Accordingly, plaintiff's Application to Proceed In Forma Pauperis is granted. His claims contained in Count I and Count II of the complaint are dismissed with prejudice pursuant to 28 U.S.C. §1915(e). His state law claims contained in Counts III, IV, and V are dismissed without prejudice. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

s/ Kathleen M. O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED:  February 12, 2008

---

[3]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.